IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:08CR98

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| Vs. ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| ) | |
| GABRIEL G. REYES ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's appeal of the Magistrate Judge's Judgment and sentence for his conviction for harvesting galax from the Pisgah National Forest without a permit. For the reasons stated below, Defendant's conviction and Judgment are affirmed.

## I. FACTUAL AND PROCEDURAL HISTORY

The Government's evidence tended to show the following facts.[1] On August 22, 2008, United States Forest Ranger J.D. Diefenbach was on patrol in the Grandfather District of Pisgah National Forest, when he

---

[1] This review of the Government's evidence is taken from an official FTR recording of CVB proceedings before United States Magistrate Judge Dennis L. Howell on the afternoon of August 29, 2008.

noticed a gold pickup truck parked along a gravel road. The area appeared to be deserted, so Ranger Diefenbach parked his patrol car out of sight beyond the vehicle and maintained surveillance to see whether the truck's occupants would emerge from the forest.

After a time, the truck approached Ranger Diefenbach's location. Defendant, who was driving, rolled down the window, and, without the Ranger's prompting, Defendant and the other two occupants of the vehicle produced galax permits and showed them to the Ranger.[2] After inspecting the permit presented by Defendant, along with Defendant's driver's license, Ranger Diefenbach ascertained that the permit was valid but bore someone else's name.

The truck bed of the gold pickup contained three duffel bags full of galax. The other two individuals in the truck claimed two of the three bags, and Ranger Diefenbach assisted them with the task of filling out their permits by listing their harvest for the day. Using process of elimination, Ranger Diefenbach inferred that the remaining bag, which contained approximately 30 pounds of galax, belonged to Defendant. The galax

---

[2] According to Officer Diefenbach, all three permits allowed their holders to harvest galax in the Appalachia District of Pisgah National Forest, but not the Grandfather District where the truck was parked.

leaves in that remaining bag were stacked in bunches and tied together with green and white bread ties. All three of the individuals in the truck were sweaty and dirty, and Defendant's pockets contained green and white ties which matched the ties on the galax bunches in the remaining bag.

Based on these circumstances, Ranger Diefenbach arrested Defendant and charged him with harvesting galax without a permit in violation of 36 C.F.R. § 261.6(a).[3] Following a hearing in CVB court before the Magistrate Judge, Defendant was convicted of the charge and received a sentence of 6 months imprisonment. **Judgment in a Criminal Case, filed September 4, 2008.** Also, for five years following the end of his active sentence, Defendant was banned from entering all federal lands and from harvesting galax in the national forest. *Id.* Finally, Defendant was ordered to pay a $10.00 assessment, a $25.00 processing fee, and

---

[3] The original violation notice listed the pertinent regulation as 36 C.F.R. § 261.9(h), but at the hearing, Defendant's charge was amended without objection to reflect the proper regulation, 36 C.F.R. § 261.6(a).

$1,350.00 in attorney's fees.[4]  *Id.*  Defendant filed a timely notice of appeal.

**Notice of Appeal to District Court, filed September 8, 2008.**

## II.  STANDARD OF REVIEW

Federal Rule of Criminal Procedure 58 states, in pertinent part:

> A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 10 days of its entry. . . .  The defendant is not entitled to a trial de novo by a district judge.  The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge.

**Fed. R. Crim. P. 58(g)(2)(B), (D).**

## III.  ANALYSIS

### A.  Vagueness and Ambiguity

Defendant's first argument on appeal is that 36 C.F.R. § 261.6(a), the regulation with which he was charged, is unconstitutionally invalid on its face because it is vague and ambiguous.

---

[4] The undersigned notes a slight discrepancy between the sentence announced in open court and the final written judgment.  Namely, the Magistrate Judge stated in court that Defendant should pay $1,350.00 in attorney's fees, whereas the final judgment states that Defendant must pay a $1,350.00 fine.

When, as here, a criminal defendant raises a constitutional issue for the first time on appeal, the reviewing court applies a "plain error" standard of review. ***United States v. Olano*, 507 U.S. 725, 731-32 (1993); *United States v. White*, 405 F.3d 208, 215 (4th Cir. 2005).** To establish "plain error," the defendant must show that (1) an error occurred, (2) the error was plain, and (3) the error affected his substantial rights. ***Olano*, 507 U.S. at 732-35; *White*, 405 F.3d at 215.**

In this case, the challenged regulation states in full: "The following are prohibited: (a) Cutting or otherwise damaging any timber, tree, or other forest product, except as authorized by a special-use authorization, timber sale contract, or Federal law or regulation." **36 C.F.R. § 261.6(a).** A nearby regulation defines "damaging" as "to injure, mutilate, deface, destroy, cut, chop, girdle, dig, excavate, kill or in any way harm or disturb." **36 C.F.R. § 261.2.**

As to vagueness, the United States Supreme Court has explained that a statute or regulation "can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it

prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." **Hill v. Colorado, 530 U.S. 703, 732 (2000).**

Here, Defendant focuses on the second prong of the *Hill* test. Specifically, he contends that if the phrase "forest product" is given its plain, ordinary meaning, then "every visitor to the forest who steps on a weed, burns dead leaves, or digs a sanitary hole would be damaging forest products in violation of this regulation. The breadth and depth of prohibited behavior clearly and necessarily leads to arbitrary and discriminatory enforcement." **Defendant's Brief, filed October 14, 2008, at 8.**

The undersigned does not disagree that 36 C.F.R. § 261.6(a) confers broad authority upon law enforcement officers such as Ranger Diefenbach. Nonetheless, as *Hill* recognizes, "[a]s always, enforcement requires the exercise of some degree of police judgment." **530 U.S. at 733 (internal quotation marks omitted).** More importantly, the *Hill* Court noted that "speculation about possible vagueness in hypothetical situations not before the Court will not support a facial attack on a statute when it is surely valid in the vast majority of its intended applications." ***Id.* (internal quotation marks omitted).** Defendant's hypothetical parade of horribles is precisely the type of speculation to which *Hill* refers. This Defendant's conviction

under 36 C.F.R. § 261.6(a) was not, in fact, based on stepping on leaves or digging sanitary holes, but on harvesting a very large amount of a rare indigenous species in the National Forest, presumably for monetary gain. **See *United States v. Doremus*, 888 F.2d 630, 635 (9th Cir. 1989) (rejecting similar hypothetical arguments regarding vagueness and arbitrary enforcement of 36 C.F.R. § 261.6(a), because there could be no question that defendant's cutting of live trees violated the regulation).** Based on these considerations, the undersigned holds that Defendant's vagueness argument is without merit.

As to ambiguity, it is well-settled that any true ambiguity in a statute "should be resolved in favor of lenity" to the defendant. ***Rewis v. United States*, 401 U.S. 808, 812 (1971).** In order to qualify for this rule of lenity, however, a defendant must show that the particular provision is both facially ambiguous and ambiguous as applied to the defendant himself. ***United States v. Canales*, 91 F.3d 363, 368 (2d Cir. 1996).** The Fourth Circuit applies the rule of lenity very narrowly, and recently reaffirmed its position that the rule may not be invoked at all "unless [the court] conclude[s] that there is a *grievous* ambiguity or uncertainty in the statute."

***United States v. Nelson*, 484 F.3d 257, 263 (4th Cir. 2007) (emphasis added) (internal quotation marks omitted).**

Here, Defendant has failed to show not only that 36 C.F.R. § 261.6(a) is "grievously" ambiguous on its face, but also that it is ambiguous as applied to Defendant himself. First, as to facial ambiguity, Defendant contends that the term "forest product" is very broad. Nonetheless, breadth of language, standing alone, does not entail ambiguity. ***See United States v. Westcott*, 966 F. Supp. 186, 188 (S.D.N.Y. 1997) ("The rule of lenity is not used to narrow a statute that has an unambiguously broad thrust." (internal quotation marks omitted)).** Second, regarding ambiguity as applied to Defendant himself, Defendant advances no argument that 36 C.F.R. § 261.6(a) is ambiguous as applied to his offense of unlicensed galax harvesting. Indeed, the uncontradicted evidence supports the conclusion that Defendant was perfectly aware of the need for a permit: he presented *someone else's* galax permit to Ranger Diefenbach without even being prompted. If the regulation was truly ambiguous as applied to Defendant, it is highly unlikely that he would have made a fraudulent attempt to comply with it. For these reasons, the Court holds that Defendant's ambiguity argument is also meritless.

In light of Defendant's failure to prove facial vagueness or ambiguity in 36 C.F.R. § 261.6(a), the Court declines to find plain constitutional error – or indeed any constitutional error – in Defendant's conviction under this regulation.

**B. Sufficiency of the Evidence**

Defendant next argues that the Government presented insufficient evidence to support a verdict of guilty. "[I]n reviewing the sufficiency of evidence, a verdict must be upheld if there is substantial evidence, taking the view most favorable to the Government, to support it." **United States v. Bolden, 325 F.3d 471, 485 (4th Cir. 2003).** "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." **United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008) (internal quotation marks and citation omitted).**

Here, Defendant argues that, although the Government presented sufficient evidence to prove that he *possessed* the 30 pounds of galax, nonetheless it did not prove he *harvested* the galax. The undersigned disagrees. Ranger Diefenbach testified that Defendant was sweaty and

that his clothes, face, and hands were dirty. Defendant's two companions, who had been legally harvesting, presented a similarly unkempt appearance. Furthermore, the bread ties in Defendant's pocket were identical to the ones holding together the galax bunches in the unclaimed bag. These crucial pieces of circumstantial evidence, taken together, are sufficient to allow a reasonable factfinder to conclude that Defendant had, in fact, personally harvested the 30 pounds of galax. This portion of Defendant's argument is, therefore, without merit.

**C. Reasonableness of Defendant's Sentence**

Defendant's final argument is that his sentence of six months imprisonment is unreasonable. A sentence of six months is the longest term authorized by Title 36, Part 261 of the Code of Federal Regulations and Title 16 of the United States Code. **36 C.F.R. § 261.1b ("Any violation of the prohibitions of this part (261) shall be punished by a fine of not more than $500 or imprisonment for not more than six months or both pursuant to title 16 U.S.C., section 551, unless otherwise provided.");** *see also* **16 U.S.C. § 551 (authorizing up to six**

**months imprisonment for violations of regulations promulgated by the Secretary of Agriculture, including 36 C.F.R. § 261.6).**

A federal offense punishable by up to six months imprisonment is considered a Class B misdemeanor, and therefore, the federal Sentencing Guidelines do not apply. **18 U.S.C. § 3559(a)(7) (providing that an offense with a maximum term of imprisonment of six months but more than 30 days is a Class B misdemeanor); U.S. Sentencing Guidelines Manual § 1B1.9 ("The sentencing guidelines do not apply to any count of conviction that is a Class B . . . misdemeanor[.]").** Rather, "[n]otwithstanding any other provision of the guidelines, the court may impose any sentence authorized by statute for each count that is a Class B . . . misdemeanor." **U.S. Sentencing Guidelines Manual § 1B1.9 cmt. n.1.** The appellate standard of review for Defendant's sentence is impacted by the fact that the offense does not fall within the Sentencing Guidelines. Specifically, a sentence for "an offense for which there is no applicable sentencing guideline" may be overturned by the reviewing court only if it is "imposed in violation of law" or "plainly unreasonable." **18 U.S.C. § 3742(e).** If neither ground exists, the sentence must be affirmed. *Id.* **§ 3742(f)(3).**

In this case, Defendant does not argue that his sentence was imposed in violation of law, and indeed it was not. The six-month period is specifically authorized by statute and regulation. Furthermore, the undersigned does not believe the sentence is plainly unreasonable. During the hearing, the Magistrate Judge reviewed Defendant's criminal history and discovered that he had received an earlier, lighter sentence for the same offense of harvesting galax without a permit. Concluding that the earlier sentence had not had any deterrent effect on Defendant's behavior, the Magistrate Judge chose to impose the maximum allowable sentence. The undersigned concurs with this reasoning. ***See United States v. Anderson*, 787 F. Supp. 537, 538 (D. Md. 1992) (taking into account the defendant's past criminal record in assessing whether his sentence for a Class B misdemeanor was plainly unreasonable).** The Court, therefore, holds that Defendant's final argument is without merit.

**IV. JUDGMENT**

**IT IS, THEREFORE, ORDERED** that Defendant's judgment and sentence are hereby **AFFIRMED** and Defendant's appeal is dismissed.

**IT IS FURTHER ORDERED** that, pursuant to the procedure for clerical errors outlined in Federal Rule of Criminal Procedure 36, the Clerk's Office shall prepare an amended judgment for the Magistrate Judge's signature, reflecting that Defendant owes no fine but will be required to pay $1,350.00 in attorney's fees.

Signed: December 9, 2008

Lacy H. Thornburg
United States District Judge